**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **JEFFERY PAUL CRUMLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CV 0042LMB |
| ) | |
| **JANET CLINE and SOUTHERN** ) | |
| **MISSOURI SUPPORTED LIVING, INC.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the complaint of plaintiff Jeffery Paul Crumley alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636.

Several motions are currently pending before the court. Defendants have filed a pro se "Motion to Dismiss Due to Improper Service" (Document Number 7), to which plaintiff has filed a response. (Doc. No. 8). Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 9). Additionally, defendants have filed a second Motion to Dismiss (Doc. No. 11), along with a Memorandum in Support (Doc. No. 12), to which plaintiff has filed responses. (Docs. No. 14, 15). The court will address each of these motions in turn.

**Background**

Plaintiff claims that his supervisor at Southern Missouri Supported Living, Inc. ("SMSL"), Scelina Payne, instructed him to increase a client's dosage of medication pursuant to the client's physician's orders. Plaintiff alleges that Ms. Payne's written orders were incorrect, which resulted in plaintiff over-medicating the client for five days. Plaintiff states that he was suspended from work on April 9, 2004, due to the medical error. Plaintiff claims that when he discussed the situation with Janet Cline, she forced him to complete an incident report that placed all the blame on plaintiff, instead of following SMSL's standard procedure for medical errors.

Plaintiff states that on May 8, 2004, he received a letter from Janet Cline informing him that he was discharged from work due to insubordination. Plaintiff alleges that he also received a letter from the Regional Center of Mental Health on that day, stating that he was not the cause of the medical error and that he could return to work. Plaintiff claims that he was not insubordinate at any time and that Ms. Cline only accused him of insubordination so she would have an excuse to fire him. Plaintiff claims that he was discriminated against because his wife was injured while working at SMSL and plaintiff requested the day shift so he could care for his wife and children. Plaintiff states that he was denied the day shift even though he had more seniority then the female employee who worked the day shift.

**A.      Motions to Dismiss**

In their first motion to dismiss, defendants request that the court dismiss the instant action because service of process over defendants was insufficient. Specifically, defendants argue that plaintiff served a friend of Defendant Janet Cline's who gave the summons and complaint to Janet Cline. Defendants claim that Defendant Janet Cline then notified Defendant SMSL of the

summons and complaint.  Plaintiff responds that the United States Marshals Service properly served SMSL by delivering a copy of the summons and complaint to Scelina Payne, who is employed at SMSL as a Team Leader.  Plaintiff argues that Ms. Payne stated that she would deliver the summons and complaint to Janet Cline and that Ms. Payne did deliver the summons and complaint to Ms. Cline on April 5, 2005.  Plaintiff contends that both Janet Cline and SMSL were properly served.

In their second motion to dismiss, defendants request that the court dismiss the action as to Defendant Janet Cline because the complaint fails to state a claim against Janet Cline upon which relief can be granted.  Specifically, defendants contend that Title VII imposes liability only on employers and does not impose individual liability on an employee's supervisors.  Defendants also claim that the action should be dismissed as to Defendant Janet Cline because Janet Cline has not been properly served with process.  In addition, defendants request that the court dismiss the action or, in the alternative, quash the return of service of summons, on the grounds that Defendant SMSL has not been properly served with process.

Plaintiff argues that both Janet Cline and SMSL were properly served by the United States Marshals Service, as is evidenced by the return of service receipts.  Plaintiff contends that Defendant Janet Cline is a proper defendant because she was his employer and she committed the discriminatory acts.  Plaintiff further argues that Scelina Payne was authorized to accept service of process for SMSL because she was appointed Team Leader by Janet Cline and was responsible for supervising other staff members.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). See also County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

**1. Service of Process**

Defendants argue that plaintiff's complaint should be dismissed because defendants Janet Cline and SMSL have not been properly served with process. Plaintiff contends that both defendants were properly served by the United States Marshals Service.

Service of individuals within a judicial district of the United States is governed by Federal Rule of Civil Procedure 4(e), which provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

With regard to corporations in a judicial district of the United States, Federal Rule of Civil Procedure 4(h) provides that service shall be effected in the following manner:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the

statute so requires, by also mailing a copy to the defendant.

In this case, the return of service receipts (Docs. No. 5, 6), each state that the United States Marshals Service served Scelina Payne, "Team Leader for Southern Missouri Supported Living" on April 5, 2005 at 11:00 a.m., on behalf of both defendants. The return of service receipt for Defendant Janet Cline states that Ms. Payne indicated to the Marshal that she would "give process to Janet Cline by 12:00 noon 04/05/05." (Doc. No. 5). Defendants argue that service was invalid because Defendant Janet Cline has not been personally served nor has service at her residence occurred. See Affidavit of Janet Cline. Defendants further argue that service upon SMSL's employee Scelina Payne does not effect service pursuant to the rule of service upon a corporation because Ms. Payne is not an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. See id.

The undersigned does not believe that plaintiff's complaint should be dismissed for insufficiency of service of process. On March 22, 2005, the court granted plaintiff's Application to Proceed In Forma Pauperis and directed the Clerk to cause process to be issued upon the complaint. (Doc. No. 4). When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff. See 28 U.S.C. § 1915(d) ("[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases"); Fed.R.Civ.P. 4(c)(2) (the appointment of a U.S. Marshal or other officer to perfect service "must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915..."). As such, the responsibility for the failure to properly serve the defendants in this case rests with the Marshal, not with plaintiff. See Moore v. Jackson, 123 F.3d 1082, 1085-86 (8th Cir. 1997); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003). Thus, the court will order service

quashed against defendants but will not dismiss plaintiff's complaint due to insufficiency of service.

**2.     Individual Liability under Title VII**

In their second Motion to Dismiss, defendants argue that the court should dismiss plaintiff's complaint as to Janet Cline because Title VII does not provide for individual liability. Defendants contend that Title VII only imposes liability on "employers." Plaintiff argues that Janet Cline was his employer because she conducted the hiring of employees and oversaw the operations of SMSL.

Title VII of the Civil Rights Act of 1964, which prohibits discrimination by an employer, defines an employer as follows:

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...

42 U.S.C. § 2000e(b) (1988). The Eighth Circuit has held that a Title VII plaintiff cannot hold employees liable in their individual capacities under Title VII. See Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254, 1255 (8th Cir. 1994). See also Spencer v. Ripley County State Bank, 123 F.3d 690, 691 (8th Cir. 1997); Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995).

Defendant Janet Cline is an employee of SMSL and acted as plaintiff's supervisor during his employment at SMSL. See Affidavit of Janet Cline. As such, Ms. Cline is not an "employer," within the meaning of Title VII and is thus not subject to liability under Title VII. Accordingly, plaintiff's complaint will be dismissed as to Defendant Janet Cline.

B.  **<u>Motion for Appointment of Counsel</u>**

Plaintiff requests that the court appoint counsel to represent him in the instant matter. The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See <u>In re Lane</u>, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. See <u>Williams v. Johnson</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986); <u>Abdullah v. Gunter</u>, 949 F.2d 1032, 1035 (8th Cir. 1991), <u>cert. denied</u>, 112 S. Ct. 1995 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for plaintiff at this point in the litigation. The undersigned finds that plaintiff has clearly presented his claims against defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, plaintiff's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that plaintiff may later ask for appointment of counsel if he feels it is necessary.

**ORDER**

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Due to Improper Service (Doc. No. 7) be **denied.**

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss (Doc. No. 11) be **granted** in that plaintiff's complaint be dismissed as to Defendant Janet Cline and that service of process against defendants be quashed. Defendants' Motion to Dismiss is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued on Defendant Southern Missouri Supported Living, Inc.

**IT IS FINALLY ORDERED** that plaintiff's motion for appointment of counsel (Doc. No. 9) be and it is **denied**.

Dated this   6th   day of October, 2005.

　　　　　　　　　　　　　　　　　　　　/s/ Lewis M. Blanton
　　　　　　　　　　　　　　　　　　　　LEWIS M. BLANTON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE