UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JEFFREY PAUL CRUMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05CV00042 LMB |
| ) | |
| SOUTHERN MISSOURI SUPPORTED ) | |
| LIVING, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon Plaintiff Jeffrey Paul Crumley's Complaint alleging employment discrimination by defendant based upon gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636 (c).

Currently pending is Defendant's Motion for Summary Judgment, along with a Memorandum in Support. Plaintiff has filed a Response in Opposition to Defendant's Motion for Summary Judgment.

## Background Facts[1]

Plaintiff Jeffery Paul Crumley, a male, was employed by Defendant Southern Missouri Supported Living, Inc. ("Supported Living") in Doniphan, Missouri. Plaintiff's duties at Supported Living included distributing prescribed medication to Supported Living's clients. On or about April 9, 2004, plaintiff was suspended for making a "medication error." It was alleged that plaintiff had given a client too much medication. Plaintiff was suspended from employment with Supported Living on or about April 14, 2004. (Deposition of Jeffrey Crumley, pp. 53-55, "Crumley Depo.").

Plaintiff, in his deposition, stated that he learned of his suspension on or about April 14, 2004, when his supervisor at Supported Living, Janet Cline, called him at home and told him that he was being investigated regarding a medication error and that he should not return to work. (Crumley Depo., p. 55). Plaintiff alleged that on the same day, after receiving the phone call from Janet Cline, plaintiff went to Janet Cline's office. Id. Janet Cline testified in her deposition that plaintiff came into her office "irate" because of the investigation, used "a bunch of foul language," including the "F-word", and slammed her door when leaving. (Deposition of Janet Cline, pp. 23-24, "Cline Depo."). Rebecca Larmore, by affidavit, testified that she was in Janet Cline's office on the day of the aforementioned incident. (Affidavit of Rebecca Larmore, p. 1 "Larmore Aff"). Ms. Laramore's testimony corroborates Janet Cline's testimony to the extent that "[Plaintiff] got loud and upset, he used curse words, including 'fuck' and 'fucking', ... [and] slammed the office door." (Larmore Aff., p.1). Plaintiff denied using the words "fuck" or

---

[1]The court's recitation of the facts is taken from plaintiff's Complaint, defendant's Statement of Uncontroverted Facts, and relevant depositions and affidavits. Factual allegations are stated as such.

"fucking." (Affidavit of Jeffrey Crumley, "Crumley Aff."). Plaintiff admitted that he raised his voice, and he admitted slamming Ms. Cline's office door, but he stated that slamming the door was the only way the door would shut and latch. (Crumley Depo., pp. 66-67).

Some time after the incident in Ms. Cline's office, plaintiff received a letter from Janet Cline, dated April 29, 2004, which stated that his "employment with Southern Missouri Supported Living was terminated on 4/14/2004." (Defendant's Exhibit C). The letter stated that the reason for termination was "inappropriate conduct at the office" including "the use of foul language and yelling." Id.

On March 9, 2005, plaintiff filed a pro se Complaint pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination based on gender. Plaintiff alleged in his Complaint that he was terminated due to his sex because: (1) Selena Payne, a female employee at Supported Living, "made the med error and Ms. Cline knew that and suspended and then discharged [Plaintiff] anyway," and plaintiff believed Ms. Cline was "covering for Ms. Payne at my expense"; (2) his wife had been injured and could no longer work at Supported Living; and (3) after his wife was injured on the job, he requested to work days, and this request was denied even though he had more seniority than the female employee who worked during the day.

In his deposition, plaintiff admitted that he did not believe that there is any evidence supporting the allegation that he was terminated because he is a male. (Crumley Depo., p. 65). Plaintiff admitted that he has been suspended by Supported Living once before, but, as the result of a subsequent investigation, he was "cleared" and allowed back to work. Id. at 60-61. Plaintiff has also stated that he may have made two or three other medication errors while an employee at Supported Living. Id. at 60. Plaintiff testified that he filled out incident reports when those errors

occurred, the errors were not investigated, and he was not suspended for the errors.  Id.

**Discussion**

Defendant argues that plaintiff cannot establish a prima facie case on his gender discrimination claim because there is no direct evidence of discrimination, and no facts are present that permit an inference of discrimination.  Defendant further argues, that even if plaintiff were to prove a prima facie case of discrimination, defendant has articulated a legitimate nondiscriminatory reason for plaintiff's termination, and plaintiff has failed to offer any evidence to prove that the proffered reason for discrimination was pretextual.

In his Response, plaintiff contends that his Affidavit "raises a genuine issue as to the basis of the termination" and defendant's Motion for Summary Judgment should thus be denied.  (Doc. No. 31).  In his Affidavit, plaintiff states that he may have raised his voice when he spoke with Janet Cline on April 20, 2004.  (Crumley Aff, ¶ 3).  Plaintiff states that he did not use foul or inappropriate language during the meeting.  Id. at ¶ 4.  Plaintiff contends that he does "not feel there was any basis for Janet Cline to terminate my employment with Southern Missouri Supported Living."  Id. at ¶ 5.

**A.     Summary Judgment Standard**

A court may grant summary judgment when no issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c).  A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252, 106 S. Ct. at 2512.  In deciding a motion for summary

judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party.  See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the nonmovant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue.  See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510-2511.  The nonmovant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  Id. at 327 (quoting Fed. R. Civ. P. 1).

**B.      Plaintiff's Claims of Discrimination**

Plaintiff claims that he was terminated because of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  For the reasons herein stated, plaintiff fails to make a prima facie case of gender discrimination, and even if plaintiff could make a prima facie case, plaintiff's claims still fail because defendant can show a legitimate non-discriminatory basis for plaintiff's termination which plaintiff fails to rebut with sufficient evidence of pretext.

To survive a motion for summary judgment in gender discrimination cases, a plaintiff must establish a genuine issue of material fact regarding the issue of intentional discrimination.  A

plaintiff may demonstrate discrimination by either direct or indirect evidence. See Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004). Cases premised on indirect evidence are analyzed under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff offers no direct evidence of discrimination in this case. Because plaintiff has submitted no evidence of direct discrimination, his claims will be analyzed under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. See Rorie v. UPS, 151 F.3d 757, 760 (8th Cir. 1998). Under this analysis, the plaintiff has the initial burden of proving a prima facie case of discrimination. See id. If the plaintiff succeeds in establishing a prima facie case, a rebuttable presumption of discrimination arises. See id. The burden then shifts to the employer who is required to articulate a legitimate nondiscriminatory reason for the adverse employment action. See id. If the employer articulates such a reason, the presumption of discrimination disappears completely and the plaintiff bears the burden of proving that the employer's proffered reason is merely a pretext for discriminatory intention. See id. However, the plaintiff must still persuade the jury, from all the facts and circumstances, that the employment decision was based upon intentional discrimination. Id. (citing Ryther v. KARE, 108 F.3d 832, 837-38 (8th Cir. 1997)).

**1.      Prima Facie Case**

For plaintiff to present a prima facie case for gender discrimination, there must be proof in the record that: (1) he was a member of a protected group, (2) he was meeting the legitimate expectations of his employer, (3) he suffered an adverse employment action, and (4) that he was treated differently from similarly situated female employees. Thomas v. Corwin, 483 F.3d 516,

529-30 (8th Cir. 2007) (citing Hesse v. Avis Rent-A-Car Sys., Inc., 394 F.3d 624, 631 (8th Cir. 2005)). In this case, the first three elements of the prima facie case have not been challenged by defendants. Thus, plaintiff must show that he was treated differently from similarly situated female employees.

Plaintiff fails to establish the fourth element of the prima facie case because he fails to demonstrate that any of the female employees at Supported Living were similarly situated. There are conflicting lines of cases in the Eighth Circuit regarding the standard for determining whether employees are similarly situated at the prima facie stage of the McDonnell Douglas burden-shifting analysis. Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 851 (8th Cir. 2005). The more rigorous standard requires employees to be "similarly situated in all respects." Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003) (citing Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000)). The "low threshold" standard requires only that employees "are involved in or accused of the same or similar conduct and are disciplined in different ways." Wheeler v. Aventis Pharms., 360 F.3d 853, 857 (8th Cir. 2004) (quoting Williams v. Ford Motor Co., 14 F.3d 1305, 1308-09 (8th Cir. 1994)). Plaintiff fails to meet either burden.

The record does not indicate that any female employee was involved in a type of conduct similar to the "inappropriate conduct at the office," "yelling," or "use of foul language," for which plaintiff was purportedly terminated. Similarly, the record does not indicate that any female employee raised her voice in front of a client or a supervisor, whereas plaintiff has admitted that he raised his voice in front of both his supervisor Janet Cline and a client. Moreover, the plaintiff fails to present evidence of a female committing any violation while employed at Supported Living. The record being devoid of any facts showing that female employees were involved in or accused

of similar conduct as plaintiff, the court finds that there is no evidence of similarly situated female employees with which to permit an inference of discrimination. Thus, plaintiff has failed to present a prima facie case under McDonnell Douglas.

**2.      Pretext**

Even if the court were to conclude that plaintiff met his burden of establishing a prima facie case, defendant would still be entitled to summary judgment. To rebut the presumption created when a plaintiff meets the requirements of the prima facie case, a defendant in an employment discrimination case must articulate a legitimate, nondiscriminatory reason for the plaintiff's discharge. Carrington v. City of Des Moines, 481 F.3d 1046, 1053 (8th Cir. 2007). Regarding this second step of the McDonnell Douglas burden shifting analysis, defendant has articulated a legitimate nondiscriminatory reason for its decision to terminate plaintiff's employment. The offered justification for the termination decision is that plaintiff engaged in "inappropriate conduct [in Janet Cline's] office, which includes the use of foul language and yelling." Accordingly, the court finds that Supported Living has articulated a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment.

Because defendant has produced a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment, the burden shifts back to plaintiff to demonstrate pretext. On this issue, a discrimination plaintiff can avoid summary judgment "only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that [gender] was a determinative factor in the adverse employment decision." Carrington, 481 F.3d at 1053 (quoting Cronquist v. City of Minneapolis, 237 F.3d 920, 924 (8th Cir. 2001)). "The focus, however, always remains on the ultimate question

of law: whether the evidence is sufficient to create a genuine issue of fact as to whether the employer intentionally discriminated against the plaintiff because of the plaintiff's [sex]" Rothmeier v. Investment Advisors, Inc., 85 F.3d 1328, 1337 (8th Cir. 1996).

Plaintiff offers allegations in his Complaint, which may be considered as argument in support of a finding of pretext. First, Plaintiff alleges that Selina Payne was responsible for the "medication error" and that Ms. Cline was "covering" for Ms. Payne. These allegations are conclusory, without factual support, and provide no proof of gender discrimination. In addition, plaintiff alleges that he was denied a daytime position although he had seniority in relation to the female employee that worked days. Plaintiff provides no evidence to support the allegation that the decision not to give plaintiff the day shift was gender-based, and plaintiff has failed to show a causal relationship between the alleged incident and his termination.

The court finds that the evidence, taken in its entirety, and viewed in a light most favorable to plaintiff, is insufficient for a reasonable trier of fact to infer that gender was a determinative factor in defendant's decision to terminate plaintiff. Plaintiff admits to yelling and slamming the door in Janet Cline's office in front of a client. In response to defendant's Motion for Summary Judgment, plaintiff alleges only that he does "not feel there was any basis for Janet Cline to terminate my employment with Southern Missouri Supported Living." This conclusory allegation does not create a genuine issue of fact as to whether defendant's reasons for firing plaintiff were pretextual. To survive summary judgment, a plaintiff must set forth affirmative evidence and specific facts which show that there is a genuine dispute on the issue. See City of Mt. Pleasant, 838 F.2d at 273-274. Here, plaintiff makes no such showing on the issue of pretext. Thus, plaintiff has not presented evidence to create a genuine issue of fact on the issue of pretext. Thus,

summary judgment will be entered in favor of defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment be and it is hereby **granted.**  A separate Summary Judgment will be entered on this date.

Dated this   8th   day of January, 2008.

                                              */s/ Lewis M. Blanton*
                                              LEWIS M. BLANTON
                                              UNITED STATES MAGISTRATE JUDGE